NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARBELYN MELENDEZ-
LANDAVERDE; ISAIAS MARAVILLA-
LANDAVERDE; ERNESTO GUERRERO-
MELENDEZ; EDWIN GUERRERO-
MONTAVO,

        Petitioners,

 v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-1517

Agency Nos.
A220-204-263
A220-204-262
A220-205-069
A220-205-073

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Marbelyn Melendez-Landaverde, her husband, Edwin Guerrero-Montavo,

and their sons, Isaias Maravilla-Landaverde and Ernesto Guerrero-Melendez, [1]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]    The husband's and wife's immigration court proceedings (which each claimed one son as a derivative beneficiary) were initially separate but later consolidated.

natives and citizens of El Salvador, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, humanitarian asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). When, as here, the BIA affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and adds its own reasoning, we review both decisions. *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022). We examine the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions for review.

1.      Substantial evidence supports the agency's conclusion that Melendez had not established that the government of El Salvador would be unwilling or unable to protect her if removed.[2] When Melendez first reported abuse by her uncle, a

---

Melendez then filed an updated I-589 application claiming Edwin and her sons as derivative beneficiaries.

[2]      The key inquiry "is whether the government both could *and* would provide protection." *J.R. v. Barr*, 975 F.3d 778, 783 (9th Cir. 2020) (cleaned up). Melendez contends that, despite citing *J.R.*, the IJ applied the wrong standard, instead requiring her to prove the government's "complete helplessness or unwillingness." However, Melendez did not exhaust this argument below. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) ("A court must enforce the [exhaustion requirement] if a party properly raises it.") (cleaned up). And in any event, the BIA expressly applied the correct "could and would" standard.

Justice of the Peace ("JOP") hearing was scheduled only three days later. Melendez's uncle was found guilty of domestic violence, warned of criminal penalties should his behavior continue, and placed under a restraining order. Although Melendez characterizes the restraining order as insufficient, her uncle never sought her out again.

The record also indicates that police prepared a report in response to Melendez's report of gang threats and promised to investigate and patrol the area near her business. Although Melendez claims that she never saw police patrolling, she never followed up with them, and fled El Salvador about a month after making the report. And even if the police's response was lacking, "the standard is not that the government can prevent *all* risk of harm." *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).

Melendez also argues the agency overlooked country conditions evidence about how violence against women is ignored in El Salvador and how police turn a blind eye to gang activity. But both the BIA and the IJ stated they considered all evidence, and the IJ specifically acknowledged that El Salvador is "beset by gang violence," it "may not perfectly enforce its laws and must continue to make strides to improve," and that "the reports regarding high rates of impunity are troubling." The agency was not required to specifically discuss the generalized evidence Melendez cites, *see Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011), given the

individualized evidence regarding the government's response to her complaints. Thus, the "agency did not misstate or ignore [Melendez's] evidence; it simply reached a different conclusion. And that conclusion was supported by substantial evidence." *Hernandez v. Garland*, 52 F.4th 757, 772 (9th Cir. 2022).[3]

2.      Even assuming that Melendez suffered past torture, the agency's finding that it was not probable that Melendez would be tortured in the future by or with the acquiescence of the government is supported by substantial evidence. *See B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022). Every time Melendez sought protection from the government, she was met with a swift response. After the JOP proceedings, Melendez's uncle never sought her out again. And with respect to the gang's threats, even though the police's actions may not "have not achieved the desired goals of resolving crimes and protecting citizens, they support the BIA's determination that the government is not wilfully blind." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014). The country conditions evidence discussing corruption does not compel a contrary conclusion. *See B.R.*, 26 F.4th at 845 (noting that generalized country conditions reports that mentioned that "corrupt officials

---

[3]      Melendez did not exhaust her argument that the agency erred by failing to consider her husband's independent claims. In any event, when Melendez moved to consolidate her case with her husband's, she stated that he "has no claim for relief independent from his partner," her pre-hearing brief did not articulate any independent claims on his behalf, and the BIA acknowledged that her husband filed a separate application "based on the same facts."

may turn a blind eye to cartel activity," though "troubling", "do not prove that the Mexican government would acquiesce in the torture of its citizens at the hands of cartels").

**PETITIONS FOR REVIEW DENIED.**[4]

---

[4]     Melendez's motion for judicial notice, **Dkt. 21,** and the government's motion to strike, **Dkt. 25,** are **denied.** The stay of removal, **Dkt. 14**, shall dissolve on the issuance of the mandate.

24-1517